**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 5:03-cr-00056-1

WILLIAM LEE CANTERBURY,

        Defendant.

**REVOCATION OF SUPERVISED RELEASE ORDER**

On January 4, 2010, the defendant, William Lee Canterbury, appeared in person and by counsel, David R. Bungard, AFPD, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* submitted by the defendant's supervising probation officer. The United States was represented at the hearing by Monica K. Schwartz, AUSA. United States Probation Officer Brett Taylor was also present at the hearing.

On April 8, 2004, the defendant was sentenced to a term of imprisonment of 40 months to be followed by a 3 year term of supervised release. The defendant began serving the term of supervised release on July 14, 2006. On December 7, 2007, the defendant appeared before the court for violating the conditions of his supervised release and was sentenced to a term of imprisonment of 11 months to be followed by a 24 month term of supervised release. The defendant began serving the term of supervised release on October 27, 2008. On January 15, 2009 the *Petition for Warrant or Summons for Offender Under Supervision* was filed charging the defendant with violating certain conditions of supervised release. On March 12, 2009, the defendant appeared before the court for

violating conditions of his supervised release and his term of supervised release was modified. The defendant was ordered to successfully complete a 90-day placement at the halfway house, **SECOR, Lebanon Community Correction Center**, located in Lebanon, Virginia. On November 17, 2009 the *Petition for Warrant or Summons for Offender Under Supervision* was filed charging the defendant with violating certain conditions of supervised release

At the hearing, the court found that the defendant had received written notice of the alleged violations as contained in the *Petition*, and that the evidence against the defendant had been disclosed. The court further found that the defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The court then found, by a preponderance of the evidence, that the defendant violated certain conditions of supervised release as contained in the *Petition*. Specifically, the court found that the defendant violated a standard condition that he shall not commit another federal, state, or local crime. On November 16, 2009 the defendant was charged with driving without an operator's license and with assault and battery. In making these findings, the court relied upon the information contained in the *Petition*, the evidence presented at the hearing.

Having found the defendant to be in violation of the conditions of supervised release, the court **REVOKED** the defendant's supervised release and entered judgment as follows:

It is the **JUDGMENT** of the court that the defendant be committed to the custody of the Federal Bureau of Prisons for a term of **12 MONTHS**.

The court **strongly** recommends the defendant be placed in a medical facility for evaluation and treatment. The defendant is a diabetic and has an unresolved shotgun wound to his foot.

The defendant was remanded to the custody of the United States Marshal.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 4, 2010

*Joseph R. Goodwin*
Joseph R. Goodwin, Chief Judge